UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GRACIELA AMAYA,
           Plaintiff,

      v.                                               Case No. 04-C-1114

MILWAUKEE COUNTY, WORLD SAVINGS BANK,
RIVER HILLS VILLAGE, RIVER HILLS POLICE
DEPARTMENT, GRAY & END, LLP, PERICLES
REALTY, EAGLE MOVERS, INC., TERRI GRAY,
KEVIN CARR, GEORGE FLESSAS, HICKORY
BLISS, DENISE LUCAS, E. MICHAEL MCCANN,
ARLEEN E. MICHOR, LYNDSAY S. DRAPER,
MICHAEL T. MAHONEY, JOHN RAUSCH,
RAYMOND E. GIERINGER, LOUISE M. TESMER,
LEE E. WELLS, DANIEL LUND, CYNTHIA BOWMAN,
REBECCA HIEN, MILTON MROZAK,
SERGEANT JOHNSON, LIEUTENANT RISCHMANN,
RICHARD FALK, TOM BRITTON, DAVID BRITTON,
UNKNOWN PURCHASERS/OCCUPANTS
TRESPASSING AND/OR RESIDING IN PLAINTIFF'S
PROPERTY, UNKNOWN MILWAUKEE COUNTY OFFICIALS,
UNKNOWN MILWAUKEE COUNTY CLERKS,
UNKNOWN WORLD SAVINGS AND GRAY & END, LLP
EMPLOYEES, UNKNOWN OWNERS/EMPLOYEES OF
EAGLE MOVERS INC., and ALL UNKNOWN OTHERS,
IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.
           Defendants.

## DECISION AND ORDER

      Pro se plaintiff Graciela Amaya brings this action pursuant to 42 U.S.C. §§ 1983, 1985(3) & 1986 against over thirty defendants alleging violations of numerous constitutional rights. She also alleges a number of state law claims. Defendants move to dismiss on a variety of grounds including the absence of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff and her minor children resided at 9333 Upper River Road, River Hills, Wisconsin (the "property"). On May 9, 2002, the Milwaukee County Circuit Court entered a judgment of foreclosure directing that the property be sold by the Milwaukee County Sheriff at a public auction. See World Savings Bank v. Bartkowiak, No. 01-CV-11706 (Cir. Ct. Milwaukee County). On July 28, 2003, the Milwaukee County Sheriff's Department sold the property at a public auction to World Savings Bank. Subsequently, Milwaukee County Circuit Judge Michael D. Guolee confirmed the sale. Judge Guolee's order confirming the sale provided that World Savings Bank was entitled to a writ of assistance[1] for the removal of any occupants from the property. World Savings Bank then recorded its deed and initiated an eviction action to remove plaintiff from the property. On November 14, 2003, the Milwaukee County Sheriff's Department evicted plaintiff as authorized by the writ of assistance.

Subsequently, plaintiff was twice arrested and charged with unlawful entry into the home from which she had been evicted.

## II. DISCUSSION

For several reasons, defendants' motion to dismiss will be granted.

**A.  Plaintiff Cannot Assert her Children's Claims**

Plaintiff attempts to assert her children's claims as well as her own. In previous cases, Judge Clevert, the Seventh Circuit Court of Appeals and I advised plaintiff that as

---

[1] A writ of assistance is used to "enforce a court's decree transferring real property, the title of which has been previously adjudicated." Black's Law Dictionary 1641 (8th ed. 2004).

a guardian of her minor children she may sue on their behalf, however, she may not do so without counsel. Amaya v. Pitner, No. 03-CV-1277 (E.D. Wis. July 27, 2004), aff'd, 130 Fed. Appx. 25 (7th Cir. 2005) (citing Navin v. Park Ridge Sch. Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001)); Amaya v. McManus, No. 04-CV-0913 (E.D. Wis. Sept. 23, 2005). Therefore, I will dismiss such claims.

**B.     The Rooker-Feldman Doctrine Bars Plaintiff's Action**

The Rooker-Feldman doctrine deprives a lower federal court of jurisdiction to review a state court decision. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); see also Lewis v. Anderson, 308 F.3d 768, 771-72 (7th Cir. 2002). To determine whether the Rooker-Feldman doctrine is applicable, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment. If the injury alleged resulted from the state court judgment itself, Rooker-Feldman directs that the lower federal courts lack jurisdiction." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996); see also Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517, 1521-22 (2005) (stating that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

Similarly, "if the federal injury is 'inextricably intertwined' with the state court judgment, Rooker-Feldman bars the federal action." Crestview Vill. Apartments v. U.S. Dep't of Housing & Urban Dev., 383 F.3d 552, 556 (7th Cir. 2004). The crucial point in determining whether a federal injury is "inextricably intertwined" with a state court judgment

3

is whether "the district court is in essence being called upon to review the state-court decision." Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993); see also GASH Assocs. v. Vill. of Rosemont, 995 F.2d 726, 727 (7th Cir. 1993) (stating that the doctrine bars federal suit by a plaintiff who "objects to the outcome of a judicial proceeding and files a separate suit to get around it"). The doctrine bars review even if I am convinced that the state court's decision was unconstitutional or otherwise contrary to law. Rizzo v. Sheahan, 266 F.3d 705, 713 (7th Cir. 2001).

In the present case, plaintiff alleges that defendants denied her due process and equal protection rights and violated various other constitutional rights by evicting her from her home because the state court had no jurisdiction to enter the foreclosure judgment. (Am. Compl. at 5.) Additionally, plaintiff alleges that, because the foreclosure and eviction were invalid, defendants violated her constitutional rights by pursuing criminal trespassing charges against her. Finally, she alleges that defendants conspired against her to deny her constitutional rights in connection with the eviction and related arrests.

Plaintiff cannot prevail on her claims that the foreclosure and eviction violated her equal protection, due process, and other constitutional rights unless I conclude that the foreclosure and eviction were invalid. All of her alleged injuries flow from the state court judgment. Thus, I have no jurisdiction to consider these claims pursuant to the Rooker-Feldman doctrine. See GASH Assocs., 995 F.2d at 727 (stating that the Rooker-Feldman doctrine bars a federal suit by a plaintiff who "objects to the outcome of a judicial proceeding and files a separate suit to get around it"). Moreover, plaintiff's conspiracy claim and the claim that defendants violated plaintiff's constitutional rights by pursuing criminal charges against her are inextricably intertwined with the state court judgment. See

4

Ritter, 992 F.2d at 754 (stating that a federal claim is inextricably intertwined with a state court judgment when "the district court is in essence being called upon to review the state-court decision"). Reviewing these claims would force me to review the validity of the foreclosure and eviction. Thus, I have no jurisdiction to consider these claims.[2]

## C. State Law Claims

Because I am dismissing plaintiff's federal claims, I must also dismiss plaintiff's state law claims as no other independent basis of federal jurisdiction, such as diversity of citizenship, exists. See Maguire v. Marquette Univ., 814 F.2d 1213, 1218 (7th Cir. 1987) (holding that when "the federal claim is dismissed, the district court should relinquish jurisdiction of any pendent state law claim unless there is some independent basis of federal jurisdiction, such as diversity of citizenship").

## D. Claims Against Individual Defendants

Even if I were to conclude that I have jurisdiction over plaintiff's claims, I would still dismiss this action against several individual defendants. For example, several defendants are entitled to immunity. Judge Gieringer, Judge Tesmer and Judge Wells are entitled to judicial immunity. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (concluding that judges are absolutely immune for their judicial acts from civil suits for damages). Furthermore, District Attorney McCann and Assistant District Attorneys Mahoney and

---

[2]Furthermore, I emphasize that plaintiff should already be aware that these claims are barred by the Rooker-Feldman doctrine. The Seventh Circuit Court of Appeals and I recently ruled on similar claims by plaintiff. See Amaya,130 Fed. Appx. at 27(stating that "[a]ll of Amaya's alleged injuries stem from her eviction, which directly resulted from that [state foreclosure] judgment" and thus, her claims were barred under the Rooker-Feldman doctrine); see also Amaya v. McManus, No. 04-CV-0913 (E.D. Wis. Sept. 23, 2005) (same). Indeed, plaintiff even acknowledges that she litigated other cases involving similar claims. (See, e.g., Am. Compl. at 5, 7, 8, 12-13.)

Rusch are protected by prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 422 (1976) (stating that prosecutorial immunity is based upon the "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust").

Moreover, I would also dismiss the River Hills Police Department because it is not a suable entity under Wisconsin state law. See Fed. R. Civ. P. 17(b) (providing that the capacity of an entity "to sue or be sued" is determined by state law); see also Grow v. City of Milwaukee, 84 F. Supp. 2d 990, 995-96 (E.D. Wis. 2000) (concluding that the City of Milwaukee Police Department was not a proper party defendant); Wis. Stat. § 62.25 (explicitly authorizing a suit to be maintained against a city and lacking any authorization to maintain a suit against a police department).

Finally, I would dismiss defendants who are named in the caption, but are not specifically mentioned in the body of the complaint, because plaintiff has failed to give these defendants "fair notice" of her claims against them. Mover v. Hultz, No. 05-3039, 2005 U.S. Dist. LEXIS 27440, at *6 (C.D. Ill. Nov. 8 2005) (citing Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998)). These defendants include: (1) Raymond E. Gieringer; (2) Louise M. Tesmer; (3) Lee E. Wells; (4) E. Michael McCann; (5) Michael T. Mahoney; (6) John Rusch; (7) Eagles Movers, Inc.; (8) Tom Britton; (9) David Britton; (10) Officer Daniel Lund; (11) Officer Rebecca Hien; (12) Officer Milton Mrozak, (13) Sergeant Johnson; and (14) Lieutenant Rischmann.

## III. CONCLUSION

For the reasons stated,

**IT IS ORDERED** that defendants' motions to dismiss are **GRANTED**, and this case is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike and motion to stay are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's minor children's claims are **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin this 13 day of February, 2006.

/s_____
LYNN ADELMAN
District Judge

7

Case 2:04-cv-01114-LA   Filed 02/13/06   Page 7 of 7   Document 70